IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO



JULIA GRULLON ROSARIO

    **Plaintiff(s)**                       CIVIL NO. 96-2134 (JAG)

    v.

THE COMMONWEALTH OF PUERTO
RICO, et al

    **Defendant(s)**

---

## MEMORANDUM AND ORDER

On July 27, 2001, Magistrate-Judge Gustavo Gelpi issued a Report and Recommendation recommending: (1) granting defendants's Sepulveda, Vazquez, and Arroyo's motion for summary judgment; (2) granting in part and denying in part defendants's Conde, Pedraza, and Toledo's motion for summary judgment; (3) dismissing all claims against defendant Toledo. The Magistrate-Judge further recommended that the case proceed as to defendants Conde and Pedraza in their personal capacities.

On August 24, 2001, plaintiff Julia Grullon Rosario filed objections to the Report and Recommendation. Plaintiff did not object to the Magistrate-Judge's finding as to defendant Toledo, nor did it object, of course, to the ruling denying defendants's Conde and Pedraza motion for summary judgment. Accordingly, the Court adopts those two rulings, and will only consider the



AO 72A
(Rev. 8/82)

Civil No. 96-2134(JAG)                                                    2

Magistrate-Judge's recommendation that the Court grant defendants's Sepulveda, Vazquez, and Arroyo's motion for summary judgment. After reviewing the record, the Court concludes that the motion should be granted, and therefore adopts the Magistrate-Judge's conclusion on that score.

Plaintiff mistakenly contends that the Magistrate-Judge based his conclusion on qualified immunity alone. A review of the Report and Recommendation shows otherwise. (Docket No. 95 at 6-7.) It found that "plaintiff has failed to present sufficient proof that the aforementioned officers violated her established constitutional rights," and only considered the qualified immunity argument *arguendo*. In any event, the Magistrate-Judge's ruling was correct on both grounds.[1] The judge's finding of probable cause dooms plaintiff's constitutional claim. Where there has been a finding of probable cause to arrest and prosecute plaintiff, there can be no unconstitutional deprivation, and therefore no cause of action under 42 U.S.C. § 1983. See Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d 249, 254 (1st Cir. 1996); Mann v. Cannon, 731 F.2d 54, 62 (1st Cir. 1984).

The record is devoid of any factual evidence that would support an actionable violation under § 1983 with respect to defendants Sepulveda, Vazquez, and Arroyo. Accordingly, the Court

---

[1] The same result would obtain if the Court considered the February 1995 incident, as the plaintiff requests.

Civil No. 96-2134(JAG) 3

adopts the MagistrateJudge's Report and Recommendation. Trial will proceed as to defendants Conde and Pedraza.

In accordance with the Court's ruling, the parties shall jointly file a Pre-Trial Report by April 19, 2002. The Court shall meet with the parties for a Pre-Trial and Settlement Conference on **April 26, 2002** at **10:00 a.m.** Both parties shall have their respective principals available, in person or by telephone, to assist in settlement negotiations. Jury selection shall take place before Magistrate-Judge Gustavo A. Gelpí on **May 6, 2002** at **9:30 a.m.** Proposed *voir dire* and jury instructions shall be filed with courtesy copy to Chambers on or before May 1, 2002. Trial in this matter shall take place on **May 8, 2002** at **9:30 a.m.**

The Court encourages the parties to resolve this dispute extrajudicially and without the need for Court intervention.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 4th day of April 2002.

*[signature]*
JAY A. GARCIA GREGORY
United States District Judge